```
David N. Chandler, Sr.   SBN 60780
David N. Chandler, Jr.   SBN 235427
DAVID N. CHANDLER, p.c.
1747 Fourth Street
Santa Rosa, CA  95404
Telephone: (707) 528-4331

Attorneys for Debtor
```

UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF CALIFORNIA

| IN RE: | CASE No. 16-10665 RLE |
|---|---|
| BARBARA JEAN BARRIELLE, | CHAPTER 11 |
| Debtor.             / | CHAPTER 11 PLAN |

Barbara Jean Barrielle, Debtor herein, proposes the following Plan pursuant to Chapter 11 of the Bankruptcy Code:

ARTICLE I

DEFINITIONS

For purposes of the Plan, the following terms shall have the meanings hereinafter set forth:

1.01.     Allowed claim shall mean a Claim (a) in respect of which a Proof of Claim has been filed with the Court within the applicable period of limitation fixed by Rule 3001, or (b) scheduled in the list of creditors prepared and filed with the Court pursuant to Rule 1007(b) and not listed as disputed, contingent or unliquidated as to amount, in either case as to which no objection to allowance thereof has been interposed with any applicable period of limitation fixed by Rule 3001, or by Order of the Court, or as to which any such objection has been determined which is no longer subject to appeal or certiorari and as to which no appeal or certiorari proceeding is pending.

1.02.     Allowed Secured Claim shall mean the Allowed Claim

secured by a lien, security interest or other charge against the property in which Debtor has an interest, or which is subject to setoff under Section 553 of the Code to the extent of the value (determined in accordance with 506(a) of the Code) of the interest of the holder of such Allowed Claim in the Debtor's interest in such property or to the extent of the amount subject to such setoff, as the case may be.

1.03.  <u>Claim</u> shall mean any right to payment, or right to an equitable remedy for breach of performance if such breach gives rise to a right to payment, against Debtor in existence on or as of the Petition Date, whether or not such right to payment or right to equitable remedy is reduced to judgment, liquidated, undisputed, legal, secured, unsecured, known or unknown.

1.04.  <u>Class</u> shall mean any class into which Allowed Claims or Allowed Interests are classified pursuant to Article III.

1.05.  <u>Class 1 Claims, Class 2 Claims, Class 3 Claims, Class 4 Claims, Class 5 Claims, Class 6 Claims, Class 7 Claims, Class 8 Claims and Class 9 Interests</u> shall mean Allowed Claims and Interests so classified in Sections 3.01 through 3.09 respectively.

1.06.  <u>Bankruptcy Code</u> shall mean the Bankruptcy Code, 11 U.S.C. section 101, et seq., and any amendments thereof.

1.07.  <u>Bankruptcy Court</u> shall mean the United States Bankruptcy Court for the Northern District Of California in which the Debtor's Chapter 11 case, pursuant to which the Plan is proposed, is pending and any Court having competent jurisdiction to hear appeals or certiorari proceedings therefrom.

1.08.  <u>Confirmation Date</u> shall mean the date upon which the Order of Confirmation is entered by the Court.

Case: 16-10665   Doc# 77   Filed: 08/25/17   Entered: 08/25/17 17:12:20   Page 2 of 14

2

1.09.   <u>Debtor</u> means the Debtor in this Chapter 11 case.

1.10.   <u>Market Rate of Interest</u> means 3.5% per annum or such other rate of interest as the Court determines at the time of confirmation.

1.11.   <u>Order for Relief</u> means January 30, 2017, the date upon which the case was converted from Chapter 13 to Chapter 11.

1.12.   <u>Order of Confirmation</u> means the Order entered by the Bankruptcy Court confirming the "Plan" in accordance with provisions of Chapter 11 of the Bankruptcy Code.

1.13.   <u>Petition Date</u> means August 2, 2016, the date of the filing of the voluntary petition under Chapter 13 of the Code.

1.14.   <u>Plan</u> means this Chapter 11 Plan, as may be amended or modified in accordance with the Code.

1.15.   <u>Rules</u> means Bankruptcy Rules, as amended and supplemented by the Suggested Interim Bankruptcy Rules, as adopted by the Court.

## ARTICLE II

## EXPENSES OF ADMINISTRATION

2.01. Administrative expenses of Debtor's Chapter 11 case allowed pursuant to Section 503(b) of the Code shall be paid in full at the Confirmation Date unless otherwise Ordered by the Court, in cash, or upon such other terms as may be agreed upon by the holder of such claims and Debtor. Any fees due the U.S. Trustee and unpaid on the Confirmation Date shall be paid in full on or before the Confirmation Date.

## ARTICLE III

## CLASSIFICATION OF CLAIMS

The Claims are classified as follows:

3.01. <u>Class 1 Claims</u>. Allowed claims entitled to priority pursuant to Section 507 of the Code.

3.02. <u>Class 2 Claims</u>. Allowed secured claim of the County of Sonoma based upon the secured tax roll and secured by real property located at 223 Zinfandel Rd., Healdsburg, California 95448.

3.03. <u>Class 3 Claims</u>. Allowed secured claim of HSBC Bank USA, N.A. as Trustee for Deutsche Alt-A Securities Mortgage Trust, Series 2007-OA5 secured by a Deed of Trust on real property located at 223 Zinfandel Rd., Healdsburg, California 95448.

3.04. <u>Class 4 Claims</u>. Allowed secured claim of Etrade Bank secured by a Deed of Trust on real property located at 223 Zinfandel Rd., Healdsburg, California 95448.

3.05. <u>Class 5 Claims</u>. Allowed secured claim of the County of Honolulu based upon the secured tax roll and secured by real property located at 4999 Kahala Beach #370, Honolulu, HI 96816.

3.06. <u>Class 6 Claims</u>. Allowed secured claim of US Bank, N.A./Ocwen Loan Servicing/BNC Mortgage, Inc. secured by a Deed of Trust on real property located at 4999 Kahala Beach #370, Honolulu, HI 96816.

3.07. <u>Class 7 Claims.</u> Allowed secured claim of the Association of Apartment Owners of the Kahala Beach secured by a statutory lien on real property located at 4999 Kahala Beach #370, Honolulu, HI 96816.

3.08. <u>Class 8 Claims</u>. Allowed claims of creditors, other than those holding allowed Class 1 Claims, Class 2 Claims, Class 3 Claims, Class 4 Claims, Class 5 Claims, Class 6 Claims, Class 7 Claims and Class 9 Interests including, but not limited to, creditors whose claims may arise out of the rejection of executory

contracts and secured creditors to the extent that the Court finds the same unsecured in whole or in part.

3.09.    Class 9 Interests. Allowed interests of Debtor.

ARTICLE IV

CLAIMS NOT IMPAIRED UNDER THE PLAN

4.01. Reserved.

ARTICLE V

TREATMENT OF IMPAIRED CLASSES OF CLAIMS

5.01.    Class 1 Claims are impaired. Holders of allowed Class 1 Claims shall be paid in equal monthly installments of principal and interest or more at the statutory rate beginning on the effective date and continuing for a period ending at 5-years after the date of the Order for Relief.

5.02.    Class 2 Claims are impaired. Holders of allowed Class 2 Claims which are not current on the effective date of the Plan shall be placed on a five-year plan as provided by statute for real property located at 223 Zinfandel Rd., Healdsburg, California 95448.

Such Holders shall retain the lien in the collateral.

5.03.    Class 3 Claims are impaired. Holders of allowed Class 3 Claims shall be paid an amount equal to such holder's interest in the estate's interest in the collateral, to be determined in accordance with Section 506 of the Bankruptcy Code, in interest-only monthly installments at a Market Rate of Interest, balance due at 15-years from the Effective Date of the Plan.

Such Holders shall retain the lien in the collateral to the extent of the allowed secured claim.

5.04.    Class 4 Claims are impaired. Holders of allowed Class 4 Claims shall be paid an amount equal to such holder's interest in

the estate's interest in the collateral, to be determined in accordance with Section 506 of the Bankruptcy Code, in monthly installments of principal and interest at a Market Rate of Interest based upon a thirty year amortization.

Such Holders shall retain the lien in the collateral to the extent of the allowed secured claim.

5.05. <u>Class 5 Claims are impaired</u>. Holders of allowed Class 5 Claims which are not current on the effective date of the Plan shall be paid in 60 equal monthly installments of delinquent tax and penalty, together with interest at the statutory rate, for real property located at 4999 Kahala Beach #370, Honolulu, HI 96816.

Such Holders shall retain the lien in the collateral.

5.06. <u>Class 6 Claims are impaired</u>. Holders of allowed Class 6 Claims shall be paid an amount equal to such holder's interest in the estate's interest in the collateral, to be determined in accordance with Section 506 of the Bankruptcy Code, in interest-only monthly installments at a Market Rate of Interest, balance due at 15-years from the Effective Date of the Plan.

Such Holders shall retain the lien in the collateral to the extent of the allowed secured claim.

5.07. <u>Class 7 Claims are impaired</u>. Holders of allowed Class 7 Claims shall be paid an amount equal to such holder's interest in the estate's interest in the collateral, to be determined in accordance with Section 506 of the Bankruptcy Code, in monthly installments of principal and interest at a Market Rate of Interest based upon a thirty year amortization.

Such Holders shall retain the lien in the collateral to the extent of the allowed secured claim.

5.08. <u>Class 8 Claims are impaired</u>. Holders of Class 8 Claims shall be paid the aggregate amount of $15,000 in 60 equal monthly installments which shall be distributed to such holders on a pro-rata basis each quarter.

5.09. <u>Class 9 Interests are impaired</u>. Holders of allowed Class 9 Interests shall retain exempt property and all rights to exemption. Such holders shall retain their rights pursuant to 11 U.S.C. Sections 544, et seq. and 522(f) to avoid liens and transfers. The property of the estate shall re-vest in the Debtor on the effective date of the Plan subject to the terms of the Plan.

5.10. <u>Election claim(s) under 11 U.S.C. § 1111(b)(2)</u>. In the event that any Class of claims makes the election contemplated in Section 1111(b)(2) of the Code, in addition to the particular treatment provided for such Class, supra, the treatment afforded electing claims shall be as follows:

Creditors holding election claims shall retain their liens to the extent of their total Allowed Claim without application of 11 U.S.C. § 506(d). The payments contemplated in the relevant treatment section for an electing class, supra, shall continue beyond the term set forth therein as is necessary to pay the electing creditor(s) a sum equal to such creditor(s) total Allowed Claim(s). If the sum of payments contemplated in the relevant treatment section for the electing class, supra, equals or exceeds the electing creditor(s) total Allowed Claim(s), the duration of payments shall not be extended beyond the term set forth therein. Should the collateral be sold or refinanced, any unpaid portion of the lien shall be then due and payable.

## ARTICLE VI

### TREATMENT OF EXECUTORY CONTRACTS

6.01. The Debtor assumes the lease with King Kamehameha Schools relating to real property located at 4999 Kahala Beach #370, Honolulu, HI 96816.

6.02. The Debtor assumes her lease with Robert Ahai relating to real property located at 4999 Kahala Beach #370, Honolulu, HI 96816.

6.03. The Debtor assumes her lease with Kelly Stuahaan relating to the cottage at real property located at 223 Zinfandel Rd., Healdsburg, California 95448.

## ARTICLE VII

### MEANS FOR THE PLAN'S EXECUTION

7.01. The Debtor will continue to generate income from working in the public relations and film production industries in order to fund the within Plan.

7.02. The Debtor may cause real property located at 223 Zinfandel Rd., Healdsburg, California 95448 to be leased, sold or refinanced. If a sale or refinance is effectuated, holders of allowed claims secured by such property shall be paid from the proceeds of sale or refinance together with interest as herein provided.

7.03. The Debtor may cause real property located at 4999 Kahala Beach #370, Honolulu, HI 96816 to be leased, sold or refinanced. If a sale or refinance is effectuated, holders of allowed claims secured by such property shall be paid from the proceeds of sale or refinance together with interest as herein provided. In the event that the leasehold interest relating to such

property is not renewed by the Lessor at the end of the lease term, The Debtor may surrender the real property to holders of allowed claims secured by such property in full satisfaction of their secured claims.

7.04.    The Debtor shall commence payments to holders of allowed secured claims on the effective date of the Plan as herein set forth. Motions or Adversary Proceedings will be commenced within 90 days of the effective date to determine such secured amounts pursuant to Section 506 where such determination is relevant to the implementation of the Plan terms.

7.05.    Taxes on the secured tax roll which are not current on the effective date shall be placed on a five year Plan pursuant to Statute.

7.06.    No party shall take any action against the Debtor, her assets, or assets of the estate inconsistent with the terms of the within Plan.

7.07.    The Debtor shall commence payments to the unsecured creditors on the effective date of the Plan at the monthly rate as provided herein. The pro-rata distributions may be made from a disbursing account on a quarterly basis.

7.08.    The Debtor shall comply with post confirmation reporting requirements to the U.S. Trustee and payment of U.S. Trustee fees post confirmation until entry of Final Order as required by law. Nothing contained in the Plan shall impose or expand the requirements for reporting and payment of fees as set forth by statute and/or case law. In the event the case is converted to a case under Chapter 7, the assets shall re-vest in the Chapter 7 estate.

7.09. Any sale or refinance of property as provided herein may be made free and clear of liens as provided in the Code. The Court shall specifically reserve jurisdiction to implement the Plan, to approve sale of property, and to direct such sale of property free and clear of lien where necessary or appropriate.

7.10. The Debtor reserves rights to object to any claim filed in the case and to assert any and all counterclaims against any party filing such a claim.

7.11. Should Debtor default on her obligations to pay secured creditors pursuant to the herein Plan, such creditors may exercise non-judicial remedies pursuant to State Law after fifteen (15) days written notice is given by first class mail postage prepaid. Such a default shall not constitute a material default under the Plan.

7.12. Confirmation of the herein Plan shall operate as a cure of any and all pre-confirmation defaults.

7.13. The Debtor reserves rights to object to the reasonableness of any attorneys fees and charges claimed by any secured creditor and to object to any claim of any creditor for which such creditor requests allowance.

7.14. The Debtor reserves rights to seek sanctions against any party to this proceeding or such party's attorney for violating Rule 9011 of the Federal Rules of Bankruptcy Procedure.

7.15. The Debtor reserves rights to seek avoidance of any transfer of property to any person under Section 544 of the Code, including but not limited to Holders of Class 3 Claims whose lien is evidenced by a defective Deed of Trust. Avoided transfers shall be preserved for the estate as provided in the Code and any

distributions provided herein on account of such transfers shall inure to the benefit of Holders of Class 8 Claims after payment of allowed administrative and priority claims.

## ARTICLE VIII

## RETENTION OF JURISDICTION

8.01. Notwithstanding Confirmation of the Plan, the Court shall retain jurisdiction for, inter alia, the following purposes:

    1. Determination of the allowance of claims upon objection to such claims by the Debtor based upon any provision of law, including, but not limited to any right of set off, counterclaims, statute of limitations, and any and all defenses thereto;

    2. Determination of the validity, priority and extent of liens under any applicable provision of law, including, but not limited to Rules of Professional Conduct;

    3. Determination of requests for payment of claims entitled to priority under Bankruptcy Code Section 507(a)(1), including compensation of parties entitled thereto;

    4. Determination of any counter claims against any party filing a claim in the case, and determination of any sanctions against any party to the case or such party's attorney for violating Rule 9011 of the Federal Rules of Bankruptcy Procedure.

    5. Resolution of any disputes regarding the interpretation of the Plan;

    6. Implementation of the provisions of the Plan and entry of Orders in aid of confirmation of the Plan, including without limitation, appropriate orders to protect the Debtor from

creditor actions, approval of sale of property, orders for sale free and clear of liens and interests;

    7. Modification of the Plan pursuant to Section 1127 of Title 11;

    8. Determination of reasonableness of any attorneys fees and charges claimed by any creditor or lessor;

    9. Avoidances of avoidable transfers pursuant to the Bankruptcy Code and recovery of improper post-petition transfers, and any reserved cause of action;

    10. Determination of secured status, extent of secured status, and Debtor's right to recover expenses from property securing claim pursuant to Section 506 of the Bankruptcy Code;

    11. Enforcement of all stipulations entered into by the Debtor in possession and Orders and Judgments made by the Court;

    12. Collection of any sums due the Debtor from other parties or from any other source;

    13. Determination of rights and causes of action reserved to the Debtor as provided herein; and

    14. Entry of final decree.

## ARTICLE IX

## EFFECT OF CONFIRMATION

9.01. Confirmation of the Plan shall have the effect set forth in Bankruptcy Code Section 1141. The rights afforded herein, and the treatment of all claims and interests as set forth herein, shall be in full exchange for, and in complete satisfaction, discharge and release of, all claims and interests of any kind or nature whatsoever, whether known or unknown, matured or contingent,

liquidated or unliquidated, existing, arising or accruing, whether or not yet due, prior to the Effective Date, including without limitation any claims or interest on claims, accruing on or after the commencement of the case against the Debtor, the estate, or assets or property thereof. Except as, and to the extent, expressly provided in the Plan or the Confirmation Order, at all times on and after the Effective Date, (a) all such claims against, and interests in, the Debtor or the estate shall be deemed fully and finally satisfied, discharged and released; (b) all persons shall be fully and finally barred, enjoined and precluded from asserting against the reorganized Debtor or her assets, any claims or interests based upon act or omission, transaction, agreement, right, privilege, duty, entitlement, obligation or other event or activity of any kind or nature whatsoever that occurred prior to the Effective Date; and (c) all claims and interests shall be fully and finally discharged as provided in said Section 1141 of the Bankruptcy Code.

## ARTICLE X

## ALTERATION OF RIGHTS OF THIRD PARTIES

10.01. Except as expressly stated in the Plan, nothing contained in the Plan or any action taken hereunder alters the rights of holders of claims or interests under Bankruptcy Code Sections 510(a) or 524(a). Except as expressly stated in the Plan, holders of secured claims shall retain their liens on the Debtor's assets to the extent of the allowed amount of such claim.

## ARTICLE XI

## MISCELLANEOUS

11.01. <u>Notice</u>. All notices required or permitted to be made

in accordance with the Plan or by the Code shall be in writing and shall be delivered personally, or by First Class mail:

    a.    To Debtor:    David N. Chandler, Jr.
David N. Chandler, p.c.
1747 Fourth Street
Santa Rosa, CA 95404

    b.    To the Holder of an Allowed Claim, at the address set forth in the Allowed Proof of Claim, or if none, at the address set forth in the Schedules prepared and filed with the Court pursuant to Section 1007(b).

11.02. <u>Effective Date</u>. For purposes of all determinations to be made pursuant to the Bankruptcy Code in respect to the Plan or any Claim or Interest, the "effective date" of the Plan shall be thirty (30) days following the date the Order of Confirmation becomes final.

11.03. <u>Reservation of Rights</u>. Neither the filing of this Plan nor any statement or provision contained herein, shall be or be deemed to be an admission against interest.

ARTICLE XII

CONFIRMATION REQUEST

12.01. Barbara Jean Barrielle, Debtor herein, requests Confirmation of the Plan pursuant to Section 1129 of the Bankruptcy Code.

Dated: 8/25/17

    By: */s/ Barbara Jean Barrielle*
BARBARA JEAN BARRIELLE